RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/18/09
BY ____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JASEN DUNNELL GINS | CIVIL ACTION NO. 09-0110 |
| VERSUS | JUDGE ROBERT G. JAMES |
| J.B. EVANS CORRECTIONAL CENTER, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a civil rights complaint filed by Plaintiff Jasen Dunnell Gins ("Gins") [Doc. No. 1]. Gins contends that he received inadequate medical care following an ankle injury in September 2008 while he was incarcerated at J.B. Evans Correctional Center ("JBECC") in Newellton, Louisiana, and asserts that JBECC fails to maintain adequate medical equipment, medications, and staff. Gins sued the JBECC; Warden Deville; Deputy Warden Pailette; nurses Allen, Peggy, and Smith; and Captain John McTear. Gins seeks compensatory and punitive damages and injunctive relief. Gins also filed a Motion to Appoint Counsel [Doc. No. 11].

Magistrate Judge Karen L. Hayes has issued a Report and Recommendation [Doc. No. 16], denying Gins's Motion to Appoint Counsel and recommending that Gins's claims be denied and dismissed with prejudice as frivolous and for failing to state a claim on which relief can be granted.

The Court ADOPTS the recommendation to dismiss Gins's claims against Defendants the JBECC; Warden Deville; nurses Allen, Peggy, and Smith; and Captain John McTear. The claims against these Defendants are DISMISSED WITH PREJUDICE.

Additionally, to the extent not specifically addressed, the Court finds that Gins's claims for

1

injunctive relief regarding the adequacy of the medical facilities, equipment, medication, staffing, and transport at JBECC were rendered moot by Gins's transfer to a different facility. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). Gins has not produced any evidence suggesting the possibility of transfer back to JBECC. *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975) (stating that possibility of transfer back would make claim capable of repetition yet evading review). Therefore, Gins's claim for injunctive relief is DENIED AS MOOT.

However, the Court DECLINES TO ADOPT the recommendation regarding Gins's claim against Defendant Deputy Warden Pailette. The Court agrees with Magistrate Judge Hayes's statement of the law on claims of inadequate medical care. In her Report and Recommendation, Magistrate Judge Hayes states that "[o]n the evening of October 3, 2008, Nurse Peggy called [Deputy] Warden Pailette at her home and requested permission to send plaintiff to the hospital; permission was denied that night." [Doc. No. 16, p. 5, ¶ 4]; *see also* [Doc. No. 16, p. 3 ("Nurse Peggy requested that plaintiff be sent to the hospital but her request was denied by the Warden."). According to Gins, Nurse Peggy did not simply request that Gins be taken to the hospital approximately two weeks after he either sprained or broke his ankle. Rather, in his Complaint, Gins alleges that Nurse Peggy told Deputy Pailette:

> I left many notes for Gins to be brought to the hospital, and they still didn't do so, the doctor left notes for Gins to be brought to the hospital and he still didn't go. Now they have this inmate Tony Porter going to the hospital for a boil, I am about to send Gins with him. The Warden[1] denied Nurse Peggy's plea. Nurse Peggy stated to Sgt.

---

[1] Although Gins refers to the "Warden" in this instance and others, his specific allegations refer to Deputy Warden Pailette. He has not identified specific statements made to Warden

2

> Boseily, another C/O; to the Warden as well as myself, "that **Gins might have a blood clot in his leg and it might move up which then can and will cause other problems.**"

[Doc. No. 1, p. 4 (emphasis added)]. Similarly, in supplemental briefing, Gins stated that Nurse Peggy called Deputy Warden Pailette and told her that Gins was "in [a lot] of pain and it's really serious, 'I left many notes to have Gins brought to the hospital or be seen by a doctor as well as doctor Newman and he haven't yet been," "his leg blew up as well as his ankles and toes," [and] **I think he have a blood clot** or something cause it's many colors." [Doc. No. 15, p. 8 (emphasis added)]. According to Gins, Nurse Peggy stayed on the phone with Deputy Warden Pailette "trying to make [her] understand," allegedly stating that Nurse Peggy's job was "to identify the medical condition" and that Gins "'must go'" to the hospital, and "after 3 times she still denied Nurse Peggy." [Doc. No. 15, p. 8]. Based on these allegations, which the Court must assume are true, the Court finds that Gins has raised an arguable basis for a claim against Deputy Warden Pailette for failing to approve his transport to the hospital on October 3, 2008.[2] Thus, this claim is REMANDED to Magistrate Judge Hayes for further proceedings.

The Court further DECLINES TO ADOPT footnote 4 of the Report and Recommendation. As Gins points out, he contends, at least in some pleadings filed with the Court, that his ankle or foot was broken, not merely twisted or sprained. While the Court agrees with Magistrate Judge Hayes that a twisted or mildly sprained ankle does not "present a serious medical need as contemplated by

---

DeVille to place him on notice of a serious medical risk if Gins were not transported to the hospital.

[2]The Court is aware that Gins has admitted he was subsequently transported to the hospital, as early as the following day, but it is unclear who approved the later transport. That later transport does not necessarily negate Deputy Warden Pailette's refusal to approve his transport on October 3, 2008.

3

the jurisprudence," [Doc. No. 16, p. 12], a broken ankle could present a serious medical need and is not the type of injury which persons in the "free world" would treat at home.

MONROE, LOUISIANA, this 17 day of June, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE