IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JASEN DUNNELL GINS** | **CIVIL ACTION NO. 09-0110** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHIRLEY PAILETTE, DEPUTY WARDEN** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a civil rights complaint filed by Plaintiff Jasen Dunnell Gins ("Gins") [Doc. No. 1]. Gins contends that he received inadequate medical care following an ankle injury in September 2008 while he was incarcerated at J.B. Evans Correctional Center ("JBECC") in Newellton, Louisiana, and asserts that JBECC fails to maintain adequate medical equipment, medications, and staff. Gins originally sued the JBECC; Warden Deville; Deputy Warden Pailette; nurses Allen, Peggy, and Smith; and Captain John McTear. However, the Court previously adopted in part the April 30, 2009 Report and Recommendation of Magistrate Judge Karen L. Hayes and dismissed all Defendants except Deputy Warden Pailette ("Pailette").

With regard to Pailette, the Court found that Gins raised an arguable basis for a claim against her for failing to approve his transport to the hospital on October 6, 2008[1] for treatment of

---

[1] In the Court's June 18, 2009 Ruling, the Court stated that Pailette failed to approve Gins' transport on October 3, 2008, but the record evidence clarifies that Gins was actually denied transportation to the hospital on October 6, 2008, and was transported to E.A. Conway Hospital the following day, October 7, 2008.

his sprained or broken ankle.[2] The Court then remanded the case to Magistrate Judge Hayes for further proceedings.

On remand, Magistrate Judge Hayes ordered that Gins' Complaint be served on Pailette and that Pailette be made to answer in this matter. Subsequently, both Gins and Pailette filed motions for summary judgment [Doc. Nos. 33 & 35 respectively].

On March 5, 2010, Magistrate Judge Hayes issued a second Report and Recommendation [Doc. No. 53], in which she recommended that the Court deny Gins' Motion for Summary Judgment [Doc. No. 33] and grant Pailette's Motion for Summary Judgment [Doc. No. 35]. Gins filed an objection [Doc. Nos. 56 & 57], and Pailette did not respond.

On April 8, 2010, Gins filed a pleading styled, "Motion to Leave to Amend & add support claim" ("Motion to Leave to Amend") [Doc. No. 58].

Having reviewed the record in this matter, the Court has determined that Magistrate Judge Hayes' Report and Recommendation [Doc. No. 53] is correct under the law and hereby ADOPTS the Report and Recommendation with one exception. The Report and Recommendation states that Gins was "ultimately diagnosed with a sprained ankle." [Doc. No. 53, p. 2; *see also* Doc. No. 53, p. 8]. Viewing the evidence in the light most favorable to Gins and based on Gins' medical records and the affidavit of Dr. Neumann, the contract physician at JBECC, Gins was **not** ultimately diagnosed with a sprained ankle. Instead, Gins' examining physician at E.A. Conway Medical Center referred him for a return appointment at the

---

[2]In its June 18, 2009 Ruling the Court also declined to adopt footnote four of the April 30, 2009 Report and Recommendation because it was unclear whether Gins had a sprained or broken ankle, and, thus, it was not clear whether Gins had an injury that a person in the "free world" would treat at home.

Orthopedic Clinic on October 16, 2008. The examining physician at the Orthopedic Clinic then referred Gins for an MRI of his right ankle. The radiologist's report of Gins' November 3, 2008 MRI indicates that Gins had a "'very subtle stress fracture through the central portion of the calcaneus.'" [Doc. No. 35, Exh. E, p. 2].[3] Nevertheless, whether Gins had a sprained ankle or a "very subtle stress fracture," the Court agrees with Magistrate Judge Hayes' remaining factual conclusions and legal analysis.

The Court has also reviewed Gins' Motion to Leave to Amend [Doc. No. 58]. In that document, Gins attempts to add an equal protection claim and to add another Eighth Amendment claim that JBECC's policy regarding transportation of prisoners to the hospital is itself a violation of the Eighth Amendment. The Court hereby DENIES Gins' Motion to Leave to Amend as futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (stating that "[i]t is within the district court's discretion to deny a motion to amend if it is futile" and interpreting "'futility'" to mean "that the amended complaint would fail to state a claim upon which relief could be granted.").

First, even if Gins were permitted to add an equal protection claim, he has failed to allege facts supporting such claim. Gins claims that he was denied equal protection because another inmate was transported to the hospital on the night of October 6, 2008, while he was denied transportation until the following morning. However, "[i]n order to make out an Equal Protection claim, [Gins] must prove the existence of purposeful discrimination, which implies

---

[3]The Court agrees with the Magistrate Judge that one radiologist at E.A. Conway Medical Center determined that Gins did not suffer a fracture based on his October 7, 2008 x-rays, but a second radiologist determined that Gins did suffer a stress fracture based on his November 3, 2008 MRI. *Cf.* [Doc. No. 35, Exh. B, p. 3, 5] and [Doc. No. 35, Exh. B, p. 5].

that the decisionmaker selected a particular course of action at least in part because of the adverse impact it would have on an identifiable group." *Cotton v. Booker*, 166 F.3d 341, 1998 WL 912201 at *1 (5th Cir. Dec. 18, 1998) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997)).  Thus, Gins must allege that he was denied transportation to the hospital for further medical care "based upon discriminatory treatment due to his race or other improper motive, and not just due to an inconsistent application or result." *Id.* (citing *Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993) (absent any allegation of improper motive, in the sense of being treated differently because of some personal or class characteristic such as race or religion, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief on an equal protection claim)).

    Gins cannot meet his burden based on the facts alleged.  Gins states only that another inmate was provided transportation to the hospital on the night Gins asserts that he should have been taken.  While Gins takes issue with Pailette's application of JBECC's policy, he has not argued that she treated him differently because of his race, religion, or any other personal characteristic, only that one inmate with the same security level as Gins was transported on October 6, 2008, while Gins was not.  This is not an equal protection claim.

    Further, Pailette has provided evidence that Gins' situation was not comparable to that of the other inmate.  According to Pailette's affidavit, under JBECC's policy, she cannot deny transportation to the hospital if the medical staff informs her of a medical emergency.  Nurse Peddy avers that, in her telephone call to Pailette, she did not state that Gins' medical condition was an emergency requiring transportation that night.  While it is clear from her notes that Nurse Peddy had serious concerns about Gins' condition, she made the medical decision that

transportation the following day would be acceptable.

In contrast, the inmate who was transported to the hospital on October 6, 2008, (identified by Gins as Troy Porter) had been bitten by a spider, was allergic to medications available at JBECC, exhibited signs of extensive cellulitis in his lower left arm, and his pulses "were not palpable." According to the Assistant Medical Director at JBECC, under the standing orders of Dr. Neumann, an inmate with this type of condition was to be taken to the emergency room at E.A. Conway. [Doc. No. 35, Exh. F, Affidavit of JBECC Assistant Medical Director Margo Allen]. Thus, even if Gins were allowed to amend his complaint and identified a protected class of which he is a member, he could not show that "he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Accordingly, Gins will not be allowed to amend his Complaint to add an equal protection claim.

Finally, Gins also attempts to add a separate, but related Eighth Amendment claim based on JBECC's policy for transportation of prisoners, contending that the security concerns interfere with the provision of adequate medical care. This claim, too, is futile. The Court agrees with and adopts the Magistrate Judge's conclusion that Gins was not subjected to deliberate indifference, and any argument based on the "adequacy" of medical care suggests a negligence standard which is not applicable to Eighth Amendment claims. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (A delay in medical care constitutes an Eighth Amendment violation only if there has been "deliberate indifference, which results in substantial harm."). Thus, Gins has failed to establish that the JBECC's policy was applied in such a way to result in Pailette's deliberate indifference to his medical condition and that her deliberate indifference

resulted in substantial harm to him.

To the extent that Gins suggests that the policy's future application could "pose an unreasonable risk of serious damages to [a prisoner's] future health," his claim would fare no better. [Doc. No. 58, p.4 (internal quotation marks and citation omitted)]. Pailette has averred that, in the case of medical emergencies, JBECC's policy requires her to make appropriate provisions to transport the prisoner to the hospital. Thus, the policy has taken into account true medical emergencies, such that it would, on its face, survive an Eighth Amendment review. Gins will not be allowed to amend his Complaint to add a separate Eighth Amendment claim based on JBECC's hospital transportation policy.

MONROE, LOUISIANA, this 19th day of April, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE